THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JERSON LUIS MARI,

    Petitioner,

    v.

GARRET J. RIPA, ET AL.,

    Respondents.

Civil No. 26-1172 (ADC)

## MEMORANDUM AND ORDER

Before the Court is an "Emergency Motion Requesting Temporary Restraining Order" ("TRO") filed yesterday, March 23, 2026, and assigned to the undersigned on March 24, 2026 at 9:24 a.m. Jerson Luis Mari ("petitioner") requests that the Court temporarily enjoin the respondents[1] from transferring him out of this District Court's jurisdiction until they have been served and show cause why his petition for writ of habeas corpus ("petition"), **ECF No. 1**, should not be granted. *See* **ECF No. 3** at 2.

The petition, which is verified in accordance with 28 U.S.C. § 2242, **ECF No. 1** at 11, alleges that petitioner is a citizen of the Dominican Republic who has resided in Puerto Rico for seven years. Petitioner claims that he has no criminal history, poses no danger to the community, and does not present a flight risk. *Id*., at 2. He has resided in the United States for well over seven

---

[1] The respondents named in the petition are Garrett J. Ripa, Miami Field Office Director, Enforcement and Removal Operations (ICE/ERO); Todd Lyons, Acting Director U.S. Immigrations Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; Pamela Bondi, Attorney General of the United States **ECF No. 1**.

years and maintains stable family and community ties and has no history of failing to comply with immigration authorities. *Id*.

According to the petition, petitioner entered the United States without being inspected or paroled on or around 2013 and has lived in Puerto Rico since that time. **ECF No. 1** at 5. After his entry, he married a United States citizen, Yadira Ortiz-López. *Id*., at 1. On November 2021, petitioner's wife filed a Petition for Alien relative with the United States Citizenship and Immigration Services (USCIS), that was approved on May 3, 2021. *Id*.

Petitioner was arrested by Immigration and Customs Enforcement Agents ("ICE") agents on March 21, 2026, and was held at the Guaynabo detention facility without bond (for which he filed a motion) at the time of the filing, March 23, 2026. **ECF No. 1** at 5-6. Petitioner emphasizes that he was not detained at the border and, having been in the country for seven years, should be subject to discretionary detention under 8 U.S.C. § 1226(a) rather than mandatory detention. Moreover, he represents to the Court that, if released, he will appear at all hearings and comply with all conditions imposed, as he has two United States citizens children, one of them having type II Autism, for which the petitioner is the primary caretaker. Also, petitioner has a "Provisional Unlawful Waiver" that was approved. *Id*., at 2.

Generally, petitioner posits that he was provided no opportunity to present evidence of her personal equities, family situation, or community ties and sustains that the government made no findings itself regarding him being a risk.

The Court has jurisdiction to review petitioner's habeas petition. *See García-Espinal v. Ripa, et al.*, No. CV 26-1039 (GMM), 2026 WL 184719, at *2 n.1 (D.P.R. Jan. 23, 2026) (citing 28 U.S.C. § 2241(c)(3)). Further, petitioner alleges that he has exhausted administrative remedies by filing a motion for bond. **ECF No. 1** at 10. Moreover, this Court takes judicial notice of the fact that institutional position thus far has been that detainees are not entitled to a bond hearing, and that the immigration judge has no authority to grant release on bond. *Id.*, (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025)); see also *Ibaldi-Valdez v. Ripa*, et al, 26-1046 (ADC) **ECF No. 7**.

Fed. R. Civ. P. 65 allows the Court, in its discretion, to issue a preliminary injunction or a TRO. A TRO is "designed to preserve the status quo until there is an opportunity to hold a hearing on the application for preliminary injunction…." 11A Wright, Miller & Kane, Federal Practice and Procedure § 2951 (3d ed. 2013). Under certain circumstances, the Court may issue a TRO *ex parte*, that is, "without written or oral notice to the adverse party or its attorney…." Fed. R. Civ. P. 65(b)(1). To determine whether to issue a TRO, the Court applies the same analysis used to evaluate a request for a preliminary injunction. *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013). Accordingly, when deciding a motion for a temporary restraining order, a district court weighs four factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699

F.3d 1, 10 (1st Cir. 2012) (citing *Jean* v. *Massachusetts State Police*, 492 F.3d 24, 26–27 (1st Cir. 2007).

Where the government is the opposing party, the balance of equities and public interest merge. *Does 1-6 v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021) (citation modified).

On the limited record before it, the Court finds that these discretionary factors are met. Petitioner is likely to succeed on his claim that the respondents' position as to her detention status (*i.e.* 8 U.S.C. § 1225(b)) is wrong as a matter of law, that he is really detained pursuant to 8 U.S.C. § 1226(a), and that he is thus entitled to, at the very least, a bond hearing. *See García-Espinal v. Ripa, et al.*, 2026 WL 184719, at \*5; *see also Lora-Salazar v. Ripa, et al.*, Civ. No. 26-1014 (MAJ) (D.P.R. Jan. 13, 2026), at ECF No. 5 (issuing TRO based on the same arguments).

Petitioner is likely to suffer irreparable harm in absence of a TRO because the "'irremediable' injury would be threefold: detention, removal from this Court's jurisdiction pending [petitioner's] habeas corpus proceedings; and the ensuing, imminent consequences that such removal would have on [his] person and [her] rights." *García-Espinal v. Ripa, et al.*, 2026 WL 184719, at \*6. Likewise the balance of equities and public interest favors the issuance of the TRO: "[w]here a petitioner has demonstrated a likelihood that the Government's conduct is inconsistent with governing law, these factors weigh in favor of injunctive relief. . . . [T]here is no public interest in the enforcement of unlawful agency action. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 436 (2009); *Hernández-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

Accordingly, the Court **GRANTS** petitioner's emergency motion at **ECF No. 3**.[2] Accordingly, petitioner shall serve respondents in 48 hours and shall also **IMMEDIATELY** notify respondents of this order by electronic or other means, and respondents are temporarily **ENJOINED** from transporting or transferring Jerson Luis Mari out of the jurisdiction of the District of Puerto Rico. By no later than April 1, 2026, respondents shall **SHOW CAUSE** in writing why the petition should not be granted.

This order shall become effective as of its time and date of issuance and shall expire on April 7, 2026, at noon time, without prejudice to it being extended for good cause.

The case is referred to US Magistrate Judge Mariana Bauzá Almonte for the setting of an expedited hearing and for a Report and Recommendation on the petition. Fed. R. Civ. P. 72.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of March, 2026.

> **S/AIDA M. DELGADO-COLÓN**
> **United States District Judge**

---

[2] Apart from *García-Espinal v. Ripa*, other Courts in this District have granted similar or identical relief. *See, e.g.*, *Álvarez-Félix v. González-Ramos*, Civ. No. 26-1041 (RAM) (D.P.R. Jan. 23, 2026); *Cruz-Santana v. González-Ramos*, Civ. No. 26-1028 (GMM) (D.P.R. Jan. 22, 2026); *Lora-Salazar v. Ripa, et al.*, Civ. No. 26-1014 (MAJ) (D.P.R. Jan. 13, 2026).